**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 95-60713
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERALD B. WOODALL,

Defendant-Appellant.

Appeal from United States District Court
for the Northern District of Mississippi
USDC No. 3:95CR052-D

August 6, 1996
Before JONES, JOLLY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Woodall asserts that the district court abused its discretion in denying his motion for discovery. The district court's decisions in overseeing the discovery process are entitled to great deference on appeal. United States v. Mora, 994 F.2d 1129, 1138 (5th Cir.), cert. denied, 114 S. Ct. 417 (1993).

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Although Woodall asserts that Mill's medical records and an independent medical examination was material and necessary to support his contention that Mills shot himself while attempting to draw his gun, Woodall has not shown how the requested discovery of Mills's medical records and a new medical examination would have altered the quantum of proof in his favor regarding his contention that Mills accidentally shot himself. See United States v. Reeves, 892 F.2d 1223, 1226 (5th Cir. 1990).

Woodall argues that the Government did not present sufficient evidence to support his conviction for using a firearm during and in relation to a drug trafficking offense. 18 U.S.C. § 924(c); see United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982) (en banc), aff'd, 462 U.S. 356 (1983). Viewing the evidence in the light most favorable to the verdict, we conclude that it was sufficient to allow a jury to find beyond a reasonable doubt that Woodall used Mills's weapon in an attempt to avoid arrest on the narcotics charge. See United States v. Harris, 25 F.3d 1275, 1279 (5th Cir.), cert. denied, 115 S. Ct. 458 (1994); see also United States v. Sloley, 19 F.3d 149, 153 (4th Cir.), cert. denied, 114 S. Ct. 2757 (1994).

AFFIRMED.